

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| TONYA L. TATI, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BEST CARE TRANSPORT ) <br> SERVICES, LLC, a Georgia Limited ) <br> Liability Company, ) <br> ) <br> Defendant. ) | Civil Action No. <br><br> 4:11-CV- 246 <br><br> -HLM |

## COMPLAINT
## JURY TRIAL DEMANDED

COMES NOW Plaintiff Tonya L. Tati ("Plaintiff" or "Tati") and files this Complaint, showing as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, because this action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

2. Venue is proper under 28 U.S.C. § 1391, because Defendant's principal place of business is in this district and the events or omissions giving rise to the claims occurred in this district.

## PARTIES

3.     Plaintiff is an adult resident of Alpharetta, Georgia. Plaintiff worked as a driver and occasional dispatcher for Defendant out of its Cartersville, Georgia location during the relevant statutory period. Defendant classified Plaintiff Tati as a W-2 employee and paid her on a "piece-rate" basis. At all times relevant herein, Plaintiff was Defendant's "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e).

4.     Defendant Best Care Transport Services, LLC is a Limited Liability Company with its principal place of business in Cartersville, Georgia. At all times relevant herein, Defendant was Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

5.     Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff worked for Defendant as a driver and occasional dispatcher from October 4, 2009 to September 3, 2011. During the relevant statutory period, Plaintiff regularly worked over forty (40) hours per week without proper compensation for overtime hours worked.

## FACTUAL ALLEGATIONS

6. Defendant is in the business of providing transportation services for patients to and from medical appointments and operates within the state of Georgia. During the relevant statutory period, Plaintiff worked for Defendant as a driver and occasional dispatcher.

7. Although Plaintiff was classified by Defendant as a W-2 employee and paid on a "piece-rate" basis, Defendant knowingly and willfully denied Plaintiff proper overtime pay.

8. Plaintiff provided services essential to the fundamental business purpose of Defendant, that is, the transportation of patients to and from medical appointments. These services, however, required no special skill. No prior experience was required for Plaintiff to work for Defendant.

9. Plaintiff had no control over the manner and method by which she was paid. The manner and method of payment was determined solely by Defendant, who paid Plaintiff on a "piece-rate" basis. Although Plaintiff regularly worked more than forty (40) hours per week, Plaintiff did not receive proper overtime pay from Defendant. In addition, Defendant withheld a fifty and NO/100 Dollars ($50.00) "miscellaneous" deduction from Plaintiff's final paycheck without explanation or justification.

10. Defendant retained the right to discharge Plaintiff without cause.

11. Plaintiff worked solely for Defendant on a full-time and continuing basis. Plaintiff did not advertise services to the general public, or work as a driver or dispatcher for anyone other than Defendant during her employment with Defendant.

12. Plaintiff was subject to the direction and control of Defendant with regard to the manner and means of her job performance. For example:

    a. Defendant required Plaintiff to drive their vehicles;

    b. Defendant required Plaintiff to wear uniforms;

    c. Defendant required Plaintiff to participate in on the job training;

    d. Defendant controlled the number of jobs that Plaintiff performed each day;

    e. Defendant required Plaintiff to begin work by a certain time each day;

    f. Defendant required Plaintiff to work on some Saturdays; and

    g. Defendant required Plaintiff to request time off from work.

13. Defendant maintained records concerning the employment of Plaintiff. Upon information and belief, this included, for example, daily trip logs, pay statements, and personnel records.

14. Defendant misclassified Plaintiff as exempt from overtime under the FLSA, and as a result, suffered and permitted her to work more than forty (40) hours per week without paying her proper overtime compensation for all hours worked beyond forty (40) per week. The conduct of Defendant has been widespread, repeated, and consistent.

15. Defendant knew that Plaintiff performed work that required overtime pay. Plaintiff complained to Defendant about the working hours as well as the failure to pay overtime. In addition, upon information and belief, Defendant has been investigated by a governmental agency relating to these practices. Upon information and belief, Defendant has also been sued previously for similar practices. Regardless, Defendant has operated under a scheme to deprive employees of overtime compensation by failing to compensate them for all hours worked.

16. The conduct of Defendant as set forth herein was willful and in bad faith, and has caused significant damages to Plaintiff.

17. Defendant is liable under the FLSA for misclassifying Plaintiff as exempt from overtime pay and thus failing to pay Plaintiff her proper overtime compensation.

## COUNT I
## FAIR LABOR STANDARDS ACT
### (Overtime Violations)

18. Plaintiff realleges and incorporates the above paragraphs by reference as if fully set forth herein.

19. At all times relevant herein, Defendant was an "employer," and Plaintiff was an "employee" within the meanings of 29 U.S.C. §§ 203(d) and (e).

20. The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate not less than one and one-half (1½) times their regular rate of pay for work performed in excess of forty (40) hours per week. 29 U.S.C. § 207. As such, Plaintiff is entitled to overtime compensation at one and one-half (1½) times her regular rate of pay for work performed in excess of forty (40) hours per week.

21. By failing to pay Plaintiff proper overtime compensation for overtime hours worked, Defendant has violated the FLSA, 29 U.S.C. § 201 *et seq*.

22. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

23. Plaintiff seeks damages in the amount of her unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorney's fees

incurred in prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. That the practices of Defendant complained of herein be determined and adjudicated to be a violation of FLSA, 29 U.S.C. § 201 *et seq*;

B. That the practices of Defendant complained of herein be determined to be a willful violation of the FLSA, 29 U.S.C. § 201 *et seq*;

C. For damages in the amount of Plaintiff's unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorney's fees incurred in prosecuting this claim, and all other relief available under the FLSA;

D. For damages in the amount of fifty and NO/100 Dollars ($50.00) for the "miscellaneous" deduction withheld from Plaintiff's final paycheck;

E. That Plaintiff be granted leave to amend the Complaint to add state law claims if necessary; and

F. For all such further relief as the Court deems equitable, just and proper.

Respectfully submitted this 6th day of October, 2011.

_____
Tonya L. Tati
*Pro Se Plaintiff*
5400 Derby Chase Court
Alpharetta, GA 30005
Phone: 678-899-7268