IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| TONYA L. TATI,<br><br>    Plaintiff,<br><br>v.<br><br>BEST CARE TRANSPORT<br>SERVICES, LLC,<br>COMFORT CARE TRANSPORT<br>SERVICES, INC, and LINDA<br>KENNEY,<br><br>    Defendants. | Civil Action No.<br>4:11-CV-246-HLM |

## JOINT MOTION FOR REVIEW AND APPROVAL
## OF SETTLEMENT AGREEMENT

Plaintiff Tonya Tati and Defendants Comfort Care Transport Services, Inc., and Linda Kenney, by and through the undersigned counsel, respectfully request that the Court review and approve their Settlement Agreement and Release of Claims (hereafter "the Agreement"), and show the Court as follows:

1.

This is a wage and hour case. The Complaint [Dkt. 4] alleges that Defendants violated the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* ("the

1

FLSA") when they failed to compensate Plaintiff at one and one half times her regular rate for work performed in excess of forty hours in any week.

2.

Defendant, Best Care Transport Services, LLC, filed for Chapter Seven bankruptcy protection on or about July 26, 2013. [Dkt. 91]

3.

On August 23, 2013, movants herein participated in a mediation session with Magistrate Judge Walter E. Johnson.

4.

Based upon the understandings and assessments of each party, the Parties, acting at arms length and in good faith, and with the assistance of Magistrate Judge Walter E. Johnson as mediator, negotiated and entered into the Agreement. A true and correct copy of the Agreement is attached hereto and incorporated herein as Exhibit "1".

5.

Pursuant to *Lynn's Food Stores, Inc. v. United States of Am.,* 679 F.2d 1350, 1353 (11th Cir. 1982), judicial approval is required to give effect to Plaintiff's release of her FLSA claims, which is material to the Agreement.

6.

The Parties request that the Court review and approve the Agreement.

7.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

1) The non-existence of collusion behind the settlement;

2) The complexity, expense and likely duration of the litigation;

3) The stage of the proceedings and amount of discovery completed;

4) The probability of Plaintiff's success on the merits;

5) The range of possible recovery; and

6) The opinions of counsel.

See, *Edwards v. CFI Sales & Mktg.*, 2011 U.S. Dist. LEXIS 134705 (M.D. Fla. Nov. 4, 2011) (citing *Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F.3rd 1527, 1531 n.6 (11th Cir. 1994).

8.

Both Parties were represented by counsel who are experienced in litigating matters under the Fair Labor Standards Act. See, Exhibit "2", Declaration of Kevin D. Fitzpatrick, Jr., Paragraph 3 (hereafter "*Fitzpatrick Declaration ¶*")

9.

Discovery was completed prior to the negotiation, formation and execution of the Agreement. The Parties had exchanged relevant documents, answered interrogatories and conducted a deposition of the Defendant. *Fitzpatrick Declaration*, ¶ 4.

10.

The Parties disputed the likelihood of Plaintiff's eventual success on the merits. In particular, the parties disputed the number of hours of overtime that Plaintiff worked. *Fitzpatrick Declaration* ¶ 5.

11.

The amount of back pay and liquidated damages set forth in the Agreement total $9,680.90. This amount is a compromise between the positions of the Parties. *Fitzpatrick Declaration* ¶ 6.

12.

The Agreement also provides for Defendant to reimburse Plaintiff for her attorneys' fees and costs in the amount of $38,689.42. This, too, is a compromise. As of date of filing this motion, Plaintiff counsel's time records show that she has incurred $63,233.31 in attorney's fees and $926.15 in costs. Attorneys' fees accrued at a rate of $350 per hour for Mr. Bridgers and Mr. Fitzpatrick, $85 per hour for paralegals and $45

per hour for legal assistants. These rates are reasonable for personnel of like experience in this geographic area and legal specialty. Costs were billed at the exact amount incurred. The amount of attorneys' fees and costs set forth in the Agreement represents legal work that was reasonably necessary to the prosecution of this case. *Fitzpatrick Declaration* ¶¶ 7-12.

13.

The Agreement is a fair and reasonable resolution of a dispute concerning the amount of overtime compensation due Plaintiff.

14.

The amount of attorneys' fees and costs set forth in the Agreement represents legal work that was necessary to the prosecution of this case at reasonable rates for employment law attorneys in Atlanta.

15.

If the Court approves the Agreement and payment in full is made, the Plaintiff will file a Stipulation of Dismissal of this case with prejudice.

16.

The Parties further request that the Court incorporate the Agreement into its Order granting this Motion and retain jurisdiction over this matter until the terms set forth in Paragraph 1 of the Agreement have been met.

17.

For the Court's convenience, a proposed Order granting this Motion is filed herewith.

WHEREFORE, the Parties respectfully request that the Court review and approve the Agreement.

Respectfully submitted,

| **DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC** | **MCFADDEN, WHITE, SPRATTLIN & DAVIS, LLC** |
|---|---|
| *s/ Kevin D. Fitzpatrick, Jr.* | *s/ Jamala S. McFadden* |
| Kevin D. Fitzpatrick, Jr. | Jamala S. McFadden |
| Georgia Bar No. 262375 | Georgia Bar No. 490959 |
| Charles R. Bridgers | Nancy Castor Sprattlin |
| Georgia Bar No. 080791 | Georgia Bar No. 143126 |
| 3100 Centennial Tower | 191 Peachtree NE |
| 101 Marietta Street | Suite 3300 |
| Atlanta, Georgia 30303 | Atlanta, Georgia 30303 |
| (770) 979-3150 | (404) 419-7287 |
| (770) 979-3170 (Fax) | (404) 795-1070 |
| kevin.fitzpatrick@dcbflegal.com | jmcfadden@theemploymentlawsolution.com |
| charlesbridgers@dcbflegal.com | |
| Counsel for Plaintiff | Counsel for Defendants |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| TONYA L. TATI,<br>    Plaintiff,<br><br>    v.<br><br>BEST CARE TRANSPORT SERVICES, LLC,<br>COMFORT CARE TRANSPORT SERVICES, INC, and LINDA KENNEY,<br><br>    Defendants. | **Civil Action No.**<br>**4:11-CV-246-HLM** |

## CERTIFICATE OF COUNSEL

Pursuant to LR 7.1 NDGa the below signatory attorney certifies that the within and foregoing motion was prepared with Times New Roman (14 point), one of the fonts and point selections approved by the Court in LR. 5.1 C. NDGa.

*s/ Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Georgia Bar No.: 262375

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| **TONYA L. TATI,**<br>    Plaintiff,<br><br>    v.<br><br>**BEST CARE TRANSPORT SERVICES, LLC,**<br>**COMFORT CARE TRANSPORT SERVICES, INC, and LINDA KENNEY,**<br><br>    **Defendants.** | **Civil Action No.**<br>**4:11-CV-246-HLM** |

## CERTIFICATE OF SERVICE

I hereby certify that on the date shown below, I filed the within and foregoing Joint Motion For Review and Approval of Settlement Agreement with the Clerk of the Court using the CM/ECF System, which will automatically send notification of filing to counsel for all counsel of record, including:

>Jamala S. McFadden
>Nancy Castor Sprattlin

This 15th day of October, 2013.

>*s/Kevin D. Fitzpatrick, Jr.*
>Kevin D. Fitzpatrick, Jr.
>Georgia Bar No.: 262375