## SETTLEMENT AGREEMENT
## AND FULL AND FINAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Full and Final Release of All Claims (hereinafter, "the Agreement or the Settlement Agreement") is made and entered into by and between **Comfort Care Transport Services, Inc.,** for itself and its divisions, subdivisions, parents, and affiliates, and **Linda Kenney** (hereinafter jointly referred to as "**DEFENDANTS**"), and **Tonya Tati** (hereinafter referred to as "**PLAINTIFF**").

### W I T N E S S E T H:

**WHEREAS**, **PLAINTIFF** was employed by **Best Care Transport Services, LLC;** and

**WHEREAS**, on or about October 11, 2011 **PLAINTIFF** instituted a civil action in the United States District Court for the Northern District of Georgia, Atlanta Division, styled <u>Tonya L. Tati vs. Best Care Transport Services, LLC</u>, which was assigned Civil Action No. 4:11-cv-00246-HLM (hereinafter "the Civil Action"); and

**WHEREAS**, **PLAINTIFF** asserts claims in the Civil Action for failure to pay overtime under the Fair Labor Standards Act; and seeks damages for back pay, liquidated damages, compensatory damages, prejudgment interest, attorney's fees, and costs; and

**WHEREAS,** on July 26, 2013, **PLAINTIFF** amended her Complaint to add **Linda Kenney** and **Comfort Care Transport Services, Inc.,** as Defendants; and

**WHEREAS,** on August 23, 2013, the Parties submitted their dispute to mediation with the assistance of U.S. Magistrate Judge Walter E. Johnson, and

**WHEREAS, DEFENDANTS** have denied and continue to deny any liability to **PLAINTIFF** on the basis of any claim, asserted or unasserted, in the Civil Action; and

**WHEREAS, DEFENDANTS** assert that there is no factual or legal basis for the allegations in the Civil Action; and

26    **WHEREAS**, the Agreement constitutes a good faith settlement of questionable and disputed claims; and

28    **WHEREAS, DEFENDANT** Linda Kenney represents and warrants that she is fully authorized to enter this Agreement on behalf of herself and Comfort Care Transport Services, Inc., and

31    **WHEREAS**, the Agreement shall not be deemed in any manner an admission, finding or indication for any purposes whatsoever that **DEFENDANTS**, or any of their officials, officers, employees and/or other agents acted contrary to the law or violated the rights of **PLAINTIFF** or any other person at any time; and

35    **NOW, THEREFORE**, in exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, **DEFENDANTS** and **PLAINTIFF** agree as follows:

## CONSIDERATION

1.

40    **DEFENDANTS** will cause to be paid to **PLAINTIFF** and her attorneys the total of Forty Eight Thousand Three Hundred Seventy Dollars and Twenty Two Cents ($48,370.22) (the "Settlement Amount"). The Settlement Amount consists of the following: (a) Nine Thousand Six Hundred Eighty Dollars and Eighty Cents ($9,680.80) payable to Tonya Tati ("Amount Due to Plaintiff") and (b) Thirty Eight Thousand Six Hundred Eighty Nine Dollars and Forty-Two Cents ($38,689.42) for attorneys' fees and costs payable to Kevin D. Fitzpatrick, Jr. of Delong, Caldwell, Bridgers, & Fitzpatrick, LLC ("Amount Due to Attorney"). The Settlement Amount shall be payable in twenty five (25) installments in the manner hereafter set forth ("Installment Payments").

49   (1) The first Installment Payment shall be to due ten (10) calendar days after approval of the
50   Settlement Agreement by the Court and shall consist of three checks, as follows:
51   (a) One check payable to "Tonya Tati" in the amount of Four Hundred Eighty
52   Four Dollars and Four Cents ($484.04), less lawful withholdings, repre-
53   senting back pay, reported on a Form W-2; and
54   (b) One check payable to "Tonya Tati" in the amount of Four Hundred Eighty
55   Four Dollars and Four Cents ($484.04), for liquidated damages reported as
56   non-wage income on a Form 1099, signifying "Box 3" for "other compen-
57   sation; and
58   (c) One check payable to "Kevin D. Fitzpatrick, Jr." in the amount of Three
59   Thousand Eight Hundred and Sixty Eight Dollars and Ninety-Four Cents
60   ($3,868.94) representing Plaintiff's attorney's fees and costs, reported on a
61   Form 1099 to Kevin D. Fitzpatrick, Jr.
62   (2) The remaining Installment Payments shall be due on the twenty-fifth (25th) day of each
63   month beginning in the first month after the month in which the first payment is made
64   and every thirty (30) days thereafter.
65   (3) Installment Payments shall be sent to the attention of Kevin D. Fitzpatrick, Jr., Esq.,
66   Delong, Caldwell, Bridgers & Fitzpatrick, LLC, 3100 Centennial Tower, 101 Marietta
67   Street, NW, Atlanta, Georgia 30303-2721.
68   (4) The last twenty four (24) Installment Payments shall consist of three checks made out in
69   the following fashion:

| | | | |
|---|---|---|---|
| 70 | | (a) | One check payable to "Tonya Tati" in the amount of One Hundred Eighty |
| 71 | | | One Dollars and Fifty Two Cents ($181.52), less lawful withholdings, |
| 72 | | | representing back pay, reported on a Form W-2; and |
| 73 | | (b) | One check payable to "Tonya Tati" in the amount of One Hundred Eighty |
| 74 | | | One Dollars and Fifty Two Cents ($181.52), for liquidated damages re- |
| 75 | | | ported as non-wage income on a Form 1099, signifying "Box 3" for "other |
| 76 | | | compensation; and |
| 77 | | (c) | One check payable to "Kevin D. Fitzpatrick, Jr." in the amount of One |
| 78 | | | Thousand Four Hundred and Fifty Dollars and Eighty Five Cents |
| 79 | | | ($1,450.85) representing Plaintiff's attorney's fees and costs, reported on a |
| 80 | | | Form 1099 to Kevin D. Fitzpatrick, Jr. |
| 81 | (5) | | **PLAINTIFF** and her attorneys agree to provide a completed Form W-4 and W-9 |
| 82 | | | prior to payment. The foregoing sums are inclusive of all attorneys' fees and le- |
| 83 | | | gal costs and expenses, and are in full accord, satisfaction, and final compromise |
| 84 | | | settlement of all disputed claims between the parties for monetary, legal and equi- |
| 85 | | | table relief, interest, attorneys' fees, and legal costs and expenses, including but |
| 86 | | | not limited to those claims set forth and/or which could have been set forth in the |
| 87 | | | Civil Action. Except as expressly provided for in this Paragraph, the parties shall |
| 88 | | | bear their own costs with respect to the Civil Action, including attorneys' fees and |
| 89 | | | costs and all out-of-pocket expenses. |
| 90 | | | |

91

## DISMISSAL OF ACTION

2.

PLAINTIFF agrees to dismiss, with prejudice, the Civil Action and agrees that she will not attempt (or authorize an attempt) to re-initiate the claims set forth in the Civil Action, any claims which could have been set forth therein, or any claims which could have arisen therefrom, in any manner, as of the time this Agreement is executed. Upon the Court's approval of this Settlement Agreement and full payment of all sums set forth in Paragraph 1 above, **PLAINTIFF** will file the Stipulation of Dismissal with Prejudice attached hereto as Exhibit "A."

## WAIVER AND RELEASE OF ALL CLAIMS

3.

**PLAINTIFF**, for herself, her attorneys, agents, assigns, heirs, executors, administrators and successors, hereby fully, finally and forever releases and discharges **DEFENDANTS** and all of their present or former attorneys, officers, officials, employees, assigns, principals and/or agents from any and all claims, demands, actions, causes of action, suits, damages, losses, costs, expenses and attorneys' fees of any kind and every character whatsoever, whether known or unknown, which she has or may have against them growing out of or arising from or pertaining to (a) any transaction, dealing, conduct, act or omission by and between **PLAINTIFF** and **Best Care Transport Services, LLC, Comfort Care Transport Services, Inc.,** or **Linda Kenney**, or (b) any other matters or things occurring or existing at any time prior to the execution of the Agreement, and/or (c) growing out of, arising from or in any way connected with or related to her employment with **DEFENDANTS**, including but not limited to, the Civil Action, and the matters which were alleged or could have been alleged in the Civil Action. **PLAINTIFF** repre-

114   sents that she is unaware of any other claim, demand, action, cause of action or suit for damages,
115   losses, costs, expenses or attorneys' fees, which she has or may have against either **Best Care**
116   **Transport Services, LLC, Comfort Care Transport Services, Inc.,** or **Linda Kenney**, at this
117   time, whether or not related to her employment. **PLAINTIFF** further agrees and acknowledges
118   that **DEFENDANTS** are relying upon this representation in entering into this Agreement. Fur-
119   thermore, and without in any way limiting the foregoing, the claims waived and released by
120   **PLAINTIFF** include any possible or alleged claims under the Americans with Disabilities Act,
121   the Fair Labor Standards Act, the Equal Pay Act, the Employee Retirement Income Security Act,
122   the Family and Medical Leave Act, the Age Discrimination in Employment Act, the Older
123   Workers Benefit Protection Act, Title VII of the Civil Rights Act of 1964, the Civil Rights Act
124   of 1991, the National Labor Relations Act, the False Claims Act, and all amendments to the
125   foregoing, and any and all possible claims under federal laws and/or the laws of the State of
126   Georgia and any other state, any and all possible claims under common law, and any and all
127   claims for back pay, benefits, interest, front pay, lost retirement benefits, compensatory damages,
128   punitive damages, liquidated damages, attorneys' fees, costs, and declaratory relief. Nothing in
129   this Agreement is intended to waive or release any claim that may arise after this Agreement is
130   executed.

131                                          4.

132   **PLAINTIFF** represents and warrants that Charles R. Bridgers and Kevin D. Fitzpatrick,
133   Jr. of Delong Caldwell & Bridgers & Fitzpatrick, LLC are, and have been, the sole attorneys for
134   her with respect to the Civil Action, and all claims set forth therein; that no other attorney or law
135   firm has any claim for legal fees, costs, and/or expenses relating to the Civil Action; and that the
136   amounts paid by **DEFENDANTS** under the Agreement are intended to include all legal fees,

137  costs, and/or expenses for which **DEFENDANTS** could be liable in connection with the Civil
138  Action.

139  <u>**WARRANTY**</u>

140  5.

141  **PLAINTIFF** represents and warrants that she alone is entitled to assert any claim she
142  may have against **DEFENDANTS** of any kind or character arising out of, or as a consequence
143  of, her employment with **DEFENDANTS** to date, including but not limited to, the matters which
144  were alleged or could have been alleged in the Civil Action. **PLAINTIFF** further represents and
145  warrants that she is fully authorized to enter into this Agreement and that she has not transferred
146  or assigned any right to any claim or recovery against **DEFENDANTS**. **PLAINTIFF** agrees to
147  indemnify and hold **DEFENDANTS** harmless from any claim by any other person who is de-
148  termined to have the right or authority to assert any claim on her behalf against **Best Care**
149  **Transport Services, LLC, Comfort Care Transport Services, Inc.,** or **Linda Kenney**, or by
150  reason of any such transfer or assignment, as described in this Paragraph, and further agrees to
151  indemnify and hold **DEFENDANTS** harmless from any costs, expenses or damages sustained by
152  reason of any such claim.

153  <u>**ENTIRE AGREEMENT**</u>

154  6.

155  **PLAINTIFF** affirms that the only consideration for her agreement to execute, and her
156  execution of the Agreement, are the terms stated herein and that there are no other promises or
157  agreements of any kind that have caused her to execute the Agreement; that she fully under-
158  stands the meaning and intent of the Agreement, including but not limited to its final and binding
159  effect; that she has been advised to consult with legal counsel prior to executing the Agreement;

that she has had a reasonable period of time within which to consider the Agreement; and that she has had the benefit of legal counsel before executing the Agreement.

## REMEDIES FOR BREACH

7.

In the event of a breach of any of the terms of the Agreement by **PLAINTIFF**, or **DEFENDANTS**, the prevailing party shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder.

## CONSTRUCTION

8.

Any modification or change to this Agreement must be made in writing with the consent of all parties.

## CONFIDENTIALITY AND NON-DISPARAGEMENT

9.

PLAINTIFF agrees and promises that unless required by law to do so, she will not make any oral or written statements or reveal any information to any person, company, agency or other entity which disparages or damages **Best Care Transport Services, LLC's, Comfort Care Transport Services, Inc.'s** or **Linda Kenney's**, reputation or business. PLAINTIFF agrees that she will not discuss the terms of this Settlement Agreement with others and if asked will say only that "the case has been resolved satisfactorily." DEFENDANTS agree and promise that unless required by law to do so, they will not make any oral or written statements or reveal any information to any person, company, agency or other entity which disparages or damages **Tonya Tati. DEFENDANTS agree that, if contacted by any of PLAINTIFF'S potential future**

**employers, they will say only that PLAINTIFF was employed by DEFENDANTS, verify dates of employment and salary earned during employment.**

In addition to confidentiality as described herein, the Parties mutually agree that they shall not make any statements regarding the other that, in the view of a reasonable person, constitute or cast a disparaging or negative light on the other.

### JUDICIAL APPROVAL OF SETTLEMENT

10.

The parties agree to submit this Agreement to the Court for judicial review and approval and to request the Court incorporate this Settlement Agreement into its Order and retain jurisdiction until all payments described in Paragraph 1 of this Agreement have been made. No portion of the payments described in Paragraph 1 of this Agreement will be disbursed to **PLAINTIFF** until the Court has approved this Agreement. In the event the Court fails to approve this Agreement, this Agreement shall become void and of no further effect.

### OTHER RELIEF, AGREEMENTS AND COVENANTS

11.

**PLAINTIFF** agrees to voluntarily withdraw any and all administrative complaints and/or charges she has filed against **Best Care Transport Services, LLC, Comfort Care Transport Services, Inc.,** or **Linda Kenney**, and which are presently pending before any administrative body, to the extent there are any.

12.

This Agreement is made and entered into in the State of Georgia and shall be interpreted under and governed by the laws of the State of Georgia.

13.

Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.

14.

This Agreement inures to the benefit of **DEFENDANTS** and their successors, assigns, heirs, executors, and administrators, and **PLAINTIFF** consents and agrees that to the extent required by law, this Agreement may be freely assigned to, and enforced by, **DEFENDANTS'** successors and assigns.

## JURISDICTION AND VENUE

15.

Any proceeding to interpret or enforce the terms of this Agreement shall take place in a state Court located in Fulton County, Georgia, or in the United States District Court for the Northern District of Georgia, Rome Division, and **PLAINTIFF** and **DEFENDANTS** consent and agree to the jurisdiction of such courts and the venue of such proceedings.

**IN WITNESS WHEREOF,** the undersigned have hereunto set their hand and seal this _____ day of _____, 2013.

_____
Tonya Tati

_____

```
232                                    Comfort Care Transport Services, Inc.
233
234
235                                    By: _____
236                                    Its: _____CFO_____
237
238
239
240                                    _____
241                                    Linda Kenney
242
243
244
245
246
247
248 SO AGREED AND APPROVED BY:
```

DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC

_____
Kevin D. Fitzpatrick, Jr.
Georgia Bar No: 262375

_____
Charles R. Bridgers
Georgia Bar No: 080791

3100 Centennial Tower
101 Marietta Street, N. W.
Atlanta, GA 30303
(404) 979-3150
Fax: (404)979-3170
charlesbridgers@dcbflegal.com
kevin.fitzpatrick@dcbflegal.com

**COUNSEL FOR PLAINTIFF**

McFADDEN, WHITE, SPRATTLIN & DAVIS, LLC

_____
Jamala S. McFadden
Georgia Bar No. 490959

_____ w/permission JSM
Nancy Castor Sprattlin
Georgia Bar No. 143126

191 Peachtree, NE
Suite 3300
Atlanta, GA 30303
(404) 419-7287
Fax: (404) 795-1070
jmcfadden@theemploymentlawsolution.com
nsprattlin@theemploymentlawsolution.com

**COUNSEL FOR DEFENDANTS**

```
249
250
```